CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
1970 Broadway, Suite 225
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: c.kuhner@kornfieldlaw.com

Proposed Attorneys for Debtor Jeffrey P. Alexander, D.D.S. Inc.,
dba Youthful Tooth

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>JEFFREY P. ALEXANDER, D.D.S. Inc. dba YOUTHFUL TOOTH<br><br>Debtor. | Case No. 14-43851 WJL<br><br>Chapter 11<br><br>**MOTION FOR AUTHORIZATION TO PAY PRE-PETITION PAYROLL**<br><br>Date: TBD<br>Time: TBD<br>Ctrm:<br>    U.S. Bankruptcy Court<br>    1300 Clay Street<br>    Oakland, California |

Debtor Jeffrey P. Alexander, D.D.S. Inc. dba Youthful Tooth, Debtor and debtor-in-possession herein (the "Debtor"), submits this motion to pay pre-petition payroll and benefits for a 2-week period to its employees in the approximate amount (gross) of $800,000 (the "Payroll Motion"), as set forth in Exhibit B to the Declaration of Jeffrey P. Alexander filed in support herewith.

## I.  BACKGROUND

The Debtor is a children's dental practice with offices in Oakland and Pinole, California. It was created in 1979 with Dr. Jeffrey P. Alexander and his partner, Dr. Mary Jane Salazar. Both are pediatric dentists and co-owners that share a vision to help Bay Area families who cannot afford

Motion for Authorization to Pay Pre-Petition Payroll     -1-

dental care for their children. Their mission is to provide dental care for Bay Area children ages 2 to 15 years old, who normally would not be seen in regular dental offices including a pediatric specialist. Over 75% of the Debtor's patients are Medicaid patients and the Debtor is the only office in the Bay Area that treats children with Medicaid. The only other office which provides this service to children with Medicaid is Dr. Roger Sanger in Salinas, California.

The Medicaid child normally has severe problems and health issues, which means a higher fee for the parents. For over 35 years, the Debtor has specialized in treating very difficult cases on small children that previously were referred to Children's Hospital in Oakland. Parents pay nothing and the Debtor is paid by the government. The Debtor receives 55% of the fees but the value of a healthy child and relieved parent outweighs the lower revenue. Children's Hospital has referred children to the Debtor for over 30 years, as Medicaid will not cover hospital dental care for children who need treatment.

Oral conscious sedation children need to be cared for by doctors who are certified to perform this form of intense dental care and an office that is equipped and passes State Board regulations on proper monitoring and OSHA standards. All the doctors working for the Debtor are certified and specially trained to perform this procedure. The Debtor's offices offer this special treatment for this population of the community. It is a more expensive appointment for the office and profit margin is low, however the value to the community is worth it. Without this form of service, the children would most likely go untreated and suffer serious health issues.

The Debtor is referred cases from as far away as Portland, Oregon and also works with families from Clinica De La Raza and Healthy Families. The Debtor currently sees over 1,500 children per month between the three locations in Oakland and Pinole. While the profit margin is very narrow with these cases, many of the Debtor's patients remain loyal after they recover from hard times and tend to stay with the Debtor. The Debtor has treated children and helped families who have needed this care and have provided over 500,000 children with care since 1979. The Debtor is now treating the children of the children whom it treated back in 1980.

The Debtor employs 9 dentists and over 45 staff members. The employees are very loyal and take pride in what they do. The Debtor's mission is to provide excellent care to those who

Motion for Authorization to Pay Pre-Petition Payroll                -2-

normally would never receive it. By educating youth on proper health, the Debtor helps the community become healthier.

At this time, the Debtor has 66 employees and its next payroll is September 26, 2014. The Debtor pays its employees for work that was 2-weeks prior to the payroll due date. The total estimated pre-petition payroll is $75,365. No employee will be paid more than $12,475.

## II. PAYMENT OF THE PAST EMPLOYEE OBLIGATION IS AUTHORIZED UNDER BANKRUPTCY CODE SECTION 507(a)(4).

The payment of the pre-petition payroll is justified because wages and benefits are granted a priority payment right under the Bankruptcy Code. Under Bankruptcy Code Section 507(a)(4), each employee may be granted a priority claim for:

> Allowed unsecured claims, but only to the extent of $12,475 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for
>
> (A)  wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; or

In as much as the pre-petition payroll for which the Debtor seeks authority to pay (including those of employees terminated or to be terminated post-petition) were earned within 180 days of the commencement of the Debtor's bankruptcy case, employees' claims for payment of such compensation are entitled to priority pursuant to Section 507(a)(4), subject to the statutory cap. No employee will be paid more than $12,475.

The Debtor's request for authority to pay these claims <u>now</u> therefore merely constitutes a request to accelerate payment in order to avoid the harm to employee morale and the operation of the Debtor's business. The Debtor's relationships with its employees, including the terms and conditions of their employment are matters subject to the business judgment of the Debtor and may be managed by the Debtor in "the ordinary course of business." See <u>In re All Seasons Industries, Inc.</u>, 121 B.R. 822, 825-26 (Bankr. N.D. Ind. 1990); <u>In re Pac. Forest Indus., Inc.</u>, 95 B.R. 740, 743 (Bank. C.D. Cal. 1989) ("Employees do not need court permissions to be paid and are usually paid as part of the ongoing operation of the business").

Motion for Authorization to Pay Pre-Petition Payroll  -3-

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

### III. THIS COURT HAS AUTHORITY PURSUANT TO BANKRUPTCY CODE SECTION 105(a) TO GRANT THE RELIEF REQUESTED.

Pursuant to Bankruptcy Code Section 105(a), "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. Section 105(a). The basic purpose of Section 105(a) is "to enable the court to do whatever is necessary to aid in their jurisdiction, in anything arising in or relating to bankruptcy case." 2 Collier on Bankruptcy & 105.2 at 105-4 (15th Ed. 1988). Essentially, Section 105(a) codifies the Bankruptcy Court's inherent equitable powers. See In re Feit & Drexler, Inc., 760 F.2d 406 (2d Cir. 1985).

Where business exigencies require, courts have exercised their equitable power under Section 105(a) to authorize a debtor to pay pre-petition claims of particular creditors. In re Ionosphere Clubs, Inc., 98 B.R. 174 (Bankr. S.D.N.Y. 1989). Courts have labeled this power the "Necessity of Payment Doctrine," which empowers a court to authorize a debtor to pay pre-petition claims essential to continued operations. Id. at 175-76 (citing Miltenberger v. Logansport, C. & S. W.R. Co., 106 U.S. 286 (1882)). As the Ionosphere Clubs court explained:

> The "necessity of payment" doctrine. . .[permits] immediate payment of claims of creditors where those creditors will not supply services or materials essential to the conduct of the business until their pre-reorganization claims have been paid."

Ionosphere Clubs, 98 B.R. at 176 (quoting In re Leigh & New England Rwy Co., 657 F.2d 570, 581 (3rd Cir. 1981). This doctrine applies in all Chapter 11 cases because "the rationale for the necessity of payment rule, i.e., facilitating the continued operation and rehabilitation of the Debtor. . . is also paramount goal of Chapter 11." Ionosphere Clubs, 98 B.R. at 176 (citing Dudley v. Mealey, 147 F.2d 268 (2d Cir. 1975), cert. denied, 325 U.S. 873 (1945)). Therefore, where continued operation and rehabilitation of a Debtor require payment of pre-petition wages, the Court may authorize such payment under Section 105(a) of the Bankruptcy Code.

It is generally recognized that the continuation of a stable employee base and harmonious employee relations in operating a Chapter 11 case is critical to a successful reorganization. As the Court noted in In re Chateauguay Corporation, 116 B.R. 887, 898 (Bankr. S.D.N.Y. 1990):

> [E]mployee good will and contentment is an asset which is vital to the continuation of a Debtor's business operations and its ability to effectively reorganize during the Chapter 11 process. In granting Debtor applications for permission to provide hardship payments to injured workers, this Court determined that the uninterrupted payment of LTB steel workers' compensation obligations is essential to employee morale and industrial tranquility which, in turn, are critical to a successful reorganization.

Id. at 898.

Similarly, in In re Gulf Air,Inc., 112 B.R. 152, 153 (Bankr. W.D.La. 1989), the Court endorsed the Necessity of Payment Doctrine to pay pre-petition employee wage claim because "retention of skills, organization and reputation for performance must be considered valuable assets contributing to going concern value and aiding rehabilitation where that is possible."

For a number of reasons, the Bankruptcy Code affords special treatment to certain pre-petition claims of employees. Compared to a typical claim in bankruptcy, wages represent a large part of an employee's wealth. In addition, unlike an ordinary trade creditor, the typical employee does not have other sources of income and thus cannot diversify the risk of the employer's default. Therefore, the Debtor must be permitted to pay the pre-petition payroll.

## IV. NOTICE

A copy of this Motion, declaration, and proposed order shall be served by facsimile and/or email and first class mail on (i) the Debtor's creditors holding the twenty (20) largest unsecured claims; (ii) the Office of the United States Trustee; and (iii) the Debtor's secured creditor. The Debtor submits that such notice is sufficient and that no other or further notice need be given.

## V. CONCLUSION

Based on the foregoing, the Debtor respectfully requests that the Court enter an order:

A. Authorizing the Debtor to pay its pre-petition payroll; and

B. Finding and determining that notice of the motion and the proposed order were provided in accordance with Rule 4001 of the Federal Rules of Bankruptcy Procedure and other applicable bankruptcy rules, and were adequate and appropriate in the particular circumstances of Debtor's bankruptcy case.

Dated: September 23, 2014         Kornfield, Nyberg, Bendes & Kuhner, P.C.

By: /s/ Chris D. Kuhner
    (Bar No. 173291)
    Proposed Attorneys for Debtor Jeffrey P. Alexander,
    D.D.S., Inc. dba Youthful Tooth