CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
1970 Broadway, Suite 225
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: c.kuhner@kornfieldlaw.com

Proposed Attorneys for Debtor Jeffrey P. Alexander, D.D.S. Inc.,
dba Youthful Tooth

**Kornfield, Nyberg, Bendes & Kuhner, P.C.**
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>JEFFREY P. ALEXANDER, D.D.S. Inc. dba YOUTHFUL TOOTH,<br><br>Debtor. | Case No. 14-43851 WJL<br><br>Chapter 11<br><br>**MOTION FOR AUTHORIZATION TO PAY PRE-PETITION PAYROLL TO DOCTORS OF THE DEBTOR**<br><br>Date: October 1, 2014<br>Time: 2:00 p.m.<br>Ctrm: 220<br>U.S. Bankruptcy Court<br>1300 Clay Street<br>Oakland, California |

Debtor Jeffrey P. Alexander, D.D.S. Inc. dba Youthful Tooth, Debtor and debtor-in-possession herein (the "Debtor"), submits this motion to pay pre-petition payroll and benefits for a 1-week period to its employees doctors ("Doctors") in the approximate amount (gross) of $27,306.60 (the "Doctors Motion"), as set forth in Exhibit A to the Declaration of Jeffrey P. Alexander filed in support herewith.

## I. BACKGROUND

The Doctors have been employed with the Debtor for an average of 3 to 10 years. Most of the Doctors have all have families, some with children. Besides having to be financially responsible for their families, most of the Doctors have very expensive dental school loans they

will be paying for years to come. Ninety percent of the Doctors work full time and their wages are the only source of income. The Doctors are not able to work for free. If the Doctors were not paid, they would need to immediately leave the Debtor and secure a full time job elsewhere so they can provide for their families.

As indicated previously, the Debtor is one of the only practices that provide oral conscious sedation to small children with large amount of oral disease. The Medicaid population often has more extensive treatment needed and cannot afford to be seen under expensive and delicate general anesthesia. Every one of the Doctors has taken a very special certification program to become a doctor is trained to perform oral conscious sedation on the small management child. This allows the Debtor to do extensive treatment to children who are monitored under sedation so they are comfortable with "twilight sleep."

Traditional pediatric dentist who perform this special procedure rarely make it available to the Medicaid population. The profit margin is narrow and you must be able to treat a lot of patients to make ends financially meet. It is usually very expensive because of the sensitivity and special care these patients need so specialized training is required in our office. If the Debtor were to loose these Doctors, it would not be possible to replace them successfully with specialized certified pediatric dentists trained in our methodology. The Debtor provides an alternative to dangerous general anesthesia and Medicaid patients benefit because they do not have to pay.

Both principal owners, Dr. Mary Jane Salazar and Dr. Jeff Alexander, have equal responsibility in continuing to offer dental care and manage such a large clinic. With three separate offices this is a full time position along with treating children. This practice is the only source of income the principals receive 100% of their time is spent on treating the children of the Bay Area and managing the ongoing challenges of the clinics. Compliance with all OSHA and HPPA standards, managing all aspects of the Debtor as well as training and performing dental treatment is the responsibility of both principals.

The Debtor has been profitable for over 35 years and had never once missed a payment to any lender or landlord. While 75% of our patient load is Medicaid, the fact that the Debtor sees so many children allows it to continue to thrive in a down economy. Since 2008, the Medicaid

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

population has increased in the Debtor's practice and the Debtor is scheduled months in advance for sedation cases. The large number of children seen per month provides a steady income that allows all staff, dentists and owners to continue their service to the Debtor.

Mary Jane Salazar and Jeff Alexander, both would have to leave the Debtor if they were to receive less or no income. All Doctors, including the owners, receive normal or below standard pay within the industry. While to most of the population, most dentists probably receive a higher wage than the normal employee, it is offset by the years of expensive training; liability and heavy debt incurred achieving this position. Dr. Salazar has two sons in college and is currently helping her ailing mother and brother-in-law. Dr. Alexander also lives paycheck to paycheck and has committed most of his resources into these practices. There is no other means of income or retirement. Mr. Alexander relies solely on his paycheck to pay his living expenses which include child and spousal support.

Throughout the years, both owners have shared a compassion for the Debtor and what it provides for the community. Because their financial condition is such that they need to keep their current wages in order to continue to satisfy all creditors both corporately and personally, neither would last long if their wages were reduced or stopped. They would immediately have to shut the Debtor down and seek a means of securing income.

## II. PAYMENT OF THE PAST EMPLOYEE OBLIGATION IS AUTHORIZED UNDER BANKRUPTCY CODE SECTION 507(a)(4).

The payment of the pre-petition payroll is justified because wages and benefits are granted a priority payment right under the Bankruptcy Code. Under Bankruptcy Code Section 507(a)(4), each employee may be granted a priority claim for:

> Allowed unsecured claims, but only to the extent of $12,475 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for
>
> (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; or

In as much as the pre-petition payroll for which the Debtor seeks authority to pay (including those of employees terminated or to be terminated post-petition) were earned within 180 days of the commencement of the Debtor's bankruptcy case, employees' claims for payment of such compensation are entitled to priority pursuant to Section 507(a)(4), subject to the statutory cap. No employee will be paid more than $12,475.

The Debtor's request for authority to pay the Doctors pre-petition wages now therefore merely constitutes a request to accelerate payment in order to avoid the harm to employee morale and the operation of the Debtor's business. The Debtor's relationships with its Doctors, including the terms and conditions of their employment are matters subject to the business judgment of the Debtor and may be managed by the Debtor in "the ordinary course of business." See In re All Seasons Industries, Inc., 121 B.R. 822, 825-26 (Bankr. N.D. Ind. 1990); In re Pac. Forest Indus., Inc., 95 B.R. 740, 743 (Bank. C.D. Cal. 1989) ("Employees do not need court permissions to be paid and are usually paid as part of the ongoing operation of the business").

## III. THIS COURT HAS AUTHORITY PURSUANT TO BANKRUPTCY CODE SECTION 105(a) TO GRANT THE RELIEF REQUESTED.

Pursuant to Bankruptcy Code Section 105(a), "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. Section 105(a). The basic purpose of Section 105(a) is "to enable the court to do whatever is necessary to aid in their jurisdiction, in anything arising in or relating to bankruptcy case." 2 Collier on Bankruptcy & 105.2 at 105-4 (15th Ed. 1988). Essentially, Section 105(a) codifies the Bankruptcy Court's inherent equitable powers. See In re Feit & Drexler, Inc., 760 F.2d 406 (2d Cir. 1985).

Where business exigencies require, courts have exercised their equitable power under Section 105(a) to authorize a debtor to pay pre-petition claims of particular creditors. In re Ionosphere Clubs, Inc., 98 B.R. 174 (Bankr. S.D.N.Y. 1989). Courts have labeled this power the "Necessity of Payment Doctrine," which empowers a court to authorize a debtor to pay pre-petition claims essential to continued operations. Id. at 175-76 (citing Miltenberger v. Logansport, C. & S. W.R. Co., 106 U.S. 286 (1882)). As the Ionosphere Clubs court explained:

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

> The "necessity of payment" doctrine. . .[permits] immediate payment of claims of creditors where those creditors will not supply services or materials essential to the conduct of the business until their pre-reorganization claims have been paid."

Ionosphere Clubs, 98 B.R. at 176 (quoting In re Leigh & New England Rwy Co., 657 F.2d 570, 581 (3rd Cir. 1981). This doctrine applies in all Chapter 11 cases because "the rationale for the necessity of payment rule, i.e., facilitating the continued operation and rehabilitation of the Debtor. . . is also paramount goal of Chapter 11." Ionosphere Clubs, 98 B.R. at 176 (citing Dudley v. Mealey, 147 F.2d 268 (2d Cir. 1975), cert. denied, 325 U.S. 873 (1945)). Therefore, where continued operation and rehabilitation of a Debtor require payment of pre-petition wages, the Court may authorize such payment under Section 105(a) of the Bankruptcy Code.

It is generally recognized that the continuation of a stable employee base and harmonious employee relations in operating a Chapter 11 case is critical to a successful reorganization. As the Court noted in In re Chateauguay Corporation, 116 B.R. 887, 898 (Bankr. S.D.N.Y. 1990):

> [E]mployee good will and contentment is an asset which is vital to the continuation of a Debtor's business operations and its ability to effectively reorganize during the Chapter 11 process. In granting Debtor applications for permission to provide hardship payments to injured workers, this Court determined that the uninterrupted payment of LTB steel workers' compensation obligations is essential to employee morale and industrial tranquility which, in turn, are critical to a successful reorganization.
>
> Id. at 898.

Similarly, in In re Gulf Air, Inc., 112 B.R. 152, 153 (Bankr. W.D.La. 1989), the Court endorsed the Necessity of Payment Doctrine to pay pre-petition employee wage claim because "retention of skills, organization and reputation for performance must be considered valuable assets contributing to going concern value and aiding rehabilitation where that is possible."

For a number of reasons, the Bankruptcy Code affords special treatment to certain pre-petition claims of employees. Compared to a typical claim in bankruptcy, wages represent a large part of an employee's wealth. In addition, unlike an ordinary trade creditor, the typical employee does not have other sources of income and thus cannot diversify the risk of the employer's default. Therefore, the Debtor must be permitted to pay the pre-petition payroll.

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

As set forth above, the Doctors are critical to the survival of the Debtor's business. All the Doctors have specialized training and skills in order to treat children in the clinic that the Debtor operates. This specialized skill and training would be impossible to replace in a timely fashion to allow the Debtor to continue to operate. If the Doctors were to leave due to failure to make payroll, which the Debtor is certain they would, the Debtor would be forced to shut down and the clinics closed. This would end any chance the Debtor has for reorganizing its debt to deal with the financial issues facing it primarily relating to the claims by its former employees.

In addition, the principals of the Debtor should be paid as they are critical to the reorganization efforts of the Debtor and rely on their wages to pay the living expenses as well as other court order of payments. The principals are committed to the Debtor and its reorganization efforts, however, if they were not paid, they would be forced to obtain employment elsewhere in order to pay their living expenses.

## IV. NOTICE

A copy of this Motion, declaration, and proposed order shall be served by facsimile and/or email and first class mail on (i) the Debtor's creditors holding the twenty (20) largest unsecured claims; (ii) the Office of the United States Trustee; and (iii) the Debtor's secured creditor. The Debtor submits that such notice is sufficient and that no other or further notice need be given.

## V. CONCLUSION

Based on the foregoing, the Debtor respectfully requests that the Court enter an order:

A. Authorizing the Debtor to pay its pre-petition payroll to Doctors, including payments to the principals; and

B. Finding and determining that notice of the motion and the proposed order were provided in accordance with Rule 4001 of the Federal Rules of Bankruptcy Procedure and other applicable bankruptcy rules, and were adequate and appropriate in the particular circumstances of Debtor's bankruptcy case.

///

///

///

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

Dated: September 29, 2014

Kornfield, Nyberg, Bendes & Kuhner, P.C.

By: /s/ Chris D. Kuhner
(Bar No. 173291)
Proposed Attorneys for Debtor Jeffrey P. Alexander, D.D.S., Inc. dba Youthful Tooth

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

**Kornfield, Nyberg, Bendes & Kuhner, P.C.**
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

**DECLARATION OF SERVICE**

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1970 Broadway, Suite 225, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Nyberg, Bendes & Kuhner, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On September 29, 2014, I served the following documents:

**MOTION FOR AUTHORIZATION TO PAY PRE-PETITION PAYROLL TO DOCOTRS OF DEBTOR; AND**

**DECLARATION OF JEFFREY P. ALEXANDER IN SUPPORT OF MOTION FOR AUTHORIZATION TO PAY PRE-PETITION PAYROLL TO DOCOTRS OF DEBTOR**

in the manner described below addressed as follows:

*Via-Email: Lynette.C.Kelly@usdoj.gov*
Office of the U.S. Trustee
Attn: Lynette C. Kelly
1301 Clay Street
Oakland, CA 94612

*Via Facsimile: (214) 965-2651*
Chase Bank

*Via Facsimile: (402) 602-7869*
First Bank Card

*Via-Email: pvogel@gradientfg.com*
Attn: Phil Vogel
Global One Financial, Inc.

*Via-Facsimile: (800) 498-4039*
Pearson Dental Supply, Inc.

*Via-FedEx*
Acero XT Stainless Steel Crowns
106 Lenora St
Seattle, WA 98121

*Via-Facsimile: (610) 560-0246*
American Express

*Via-Facsimile: (651) 686-9457*
Patterson Financial Services

*Via-Facsimile: (408) 967-9915*
Paypal Credit Services

*Via-Email: vqcusa@sbcglobal.net*
Vision Quest

*Via-Email: ariel.manabat@acerocrowns.com*
Acero XT Staineless Steel Crowns

*Via-USPS*
American Express
P.O. Box 3001
16 General Warren Blvd
Malvern, PA 19355

*Via-Email: stjacobs@entaire.com*
Sonya T. Jacobs
Mason Bahr LLP

*Via-FedEx and Facsimile (866) 617-5299*
Attn: Officer, a managing or general agent, or to any other agent authorized by appt or by law
Wells Fargo Bank
101 N. Phillips Avenue
Sioux Falls, SD 57104
Minnehaha County

*Via-USPS*
Wells Fargo Bank
Deposits Bankruptcy Dept.
P.O. Box 3908
Portland, OR 97208

*Via-USPS*
California Dental Assn Mastercard
Bank of America
PO Box 15284
Wilmington, DE 19850

*Via-USPS*
First Bank Card
PO Box 2818
Omaha, NE 68103-2818

*Via-USPS*
Paypal Credit Services
P.O. Box 960080
Orlando, FL 32896-0080

*Via-FedEx*
Pearson Dental Supply Inc.
13161 Telfair Ave
Sylmar, CA 91342

*Via-Email: ssturner@globalfd.com*
Suzy Turner
Global Financial Distributors, Inc.

*Via-Email: kevin@kwoodalllaw.com*
Kevin Woodall
Woodall Law Offices

*Via-FedEx and Facsimile (888) 831-1256*
Attn: Officer, a managing or general agent, or to any other agent authorized by appt. or by law
Bank of America
555 California Street
San Francisco, CA 94104

*Via-USPS*
Bank of America
PO Box 982235
El Paso, TX 79998

*Via-USPS*
Wells Fargo Bank
Business Direct
PO Box 348750
Sacramento, CA 95834

*Via-FedEx*
Patterson Financial Services
1031 Mendota Heights Rd.
Saint Paul, MN 55120

*Via-USPS*
Chase
PO Box 15298
Wilmington, DE 19850

*Via-FedEx*
Vision Quest
29802 Bentnor court
Hayward, CA 94544

The following is the procedure in which service of this document(s) was effected:

____ By Mail: I caused such envelope to be deposited in the mail at Oakland, California with postage thereon fully prepaid in the designated area for outgoing mail in accordance with this office's practice, whereby mail is deposited in a U.S. mailbox in Alameda County at the close of the business day.

___X_ By Facsimile: I caused a copy of the above named documents to be transmitted via-facsimile to the facsimile number of the offices of the addressee(s) as indicated

**Kornfield, Nyberg, Bendes & Kuhner, P.C.**
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

above.

___X_ By Overnight Delivery: I caused such envelope to be transmitted by overnight delivery service (i.e., Federal Express, UPS, USPS) to the offices of the addresses(s).

____ By Personal Service: I caused such envelope to be hand delivered to the offices of the addressee(s) as indicated above.

__X__ By Email: By emailing said document to the persons listed above, to their email addresses also listed above, in Adobe Acrobat, Word, or WordPerfect.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of September, 2014 at Oakland, California.

/s/ Gail A. Michael

**Kornfield, Nyberg, Bendes & Kuhner, P.C.**
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669